**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Ronald Stephen Holt, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. CV 03-1825-PHX-PGR <br><br> **ORDER** |

Currently pending before the Court is the Respondent Barry T. Jordan's Motion for New Trial and/or to Alter or Amend Judgment Regarding Petition No. 24 (Doc. 337) and Motion for Stay Regarding Petition No. 24 (Doc. 337). The Court now rules on the motions.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

American Assets Limited Trust ("AALT") was placed in receivership in the above entitled action because it held legal title, as the trustee of various trusts, to certain real properties wrongfully acquired with investor funds. The property that is subject to the Receiver's Petition No. 24 is a single family residence located at 10620 North 84th Street, Scottsdale, Arizona (hereinafter the "84th Street Property"), which is legally described as follows: Lot 6, Sundown Ranch Acres, according to Book 74 of Maps, page 39, records of Maricopa County, Arizona. Title to the 84th Street Property was acquired in the name of AALT, as trustee for the East Maricopa Holding Trust ("EMHT"), pursuant to a Warranty Deed dated April 24, 2001. In an apparent attempt to comply with the disclosure

1  requirements of A.R.S. § 33-404, the Warranty Deed stated that the beneficiary of EMHT
2  was AALT.[1]

3  Upon discovering the 84th Street Property had been titled in the name of a receivership
4  entity, the Receiver recorded a Notice of Lis Pendens on the 84th Street Property to provide
5  full notice to all concerned that the assets of AALT had been placed in receivership.  On
6  September 6, 2006, the Receiver, as holder of legal and equitable title to the Property, filed
7  a Petition No. 24, Petition for Instructions Regarding Property Located at 10620 North 84th
8  Street, Scottsdale, Arizona ("Petition No. 24"), filed under the Clerk's Docket No. 305.  The
9  Receiver's petition requested that this Court authorize him to sell the 84th Street Property,
10 distribute the proceeds to certain creditors, then distribute any remainder to either Jordan's
11 minor children, the parties for whom the Property is ultimately held, or to the Receivership
12 Estate.  On October 2, 2006, the Court entered its first Order re: Petition No. 24, Docket No.
13 312, granting the relief requested by the Receiver.

14 On or about October 12, 2006, Jordan filed his Response to Petition No. 24 and
15 Motion to Release  Property, Docket No. 317, arguing that the Property was not a
16 receivership asset and that the proper remedy was to release the property from the
17 receivership to him.  The same day, Jordan also filed a Motion to Set Aside Order Regarding
18 Petition No. 24, Docket No. 316.

19 On December 18, 2006, the Court entered an order vacating its first Order Re:
20 Petition No. 24, Docket No. 330, and set the matter for an in court hearing.  On January 9,
21 2007, the parties jointly filed the Stipulated Facts re: Petition No. 24, Docket No. 333,
22 identifying relevant facts to which the parties stipulated.  Also on January 9, 2007, this Court
23 heard oral argument from counsel for the parties regarding Petition No. 24.

---

[1] Mr. Jordan maintains that the warranty deed contains a scrivener's error regarding the beneficiary of EMHT.  He argues that, pursuant to EMHT's trust agreement, the actual beneficiary of EMHT is the Robert Mills Trust ("RMT").  He further maintains that the beneficiary of RMT is Crown Oil and Gas ("COG"), and the beneficiaries of COG are Jordan's two minor children. Ultimately, Jordan claims, the beneficial owners of the property are his minor children.

1     Thereafter, on February 8, 2007, the Court filed its second Order Re: Petition No. 24, Docket No. 336 (the "Judgment"), which directed: (1) Jordan to vacate the 84th Street Property within ten (10) days of the entry of the order; (2) the Receiver to sell the 84th Street Property, and (3) the Receiver to apply the sale proceeds to certain creditors and then to Jordan's minor children. The Court further directed the Order to be entered as Final Judgment.

    On February 22, 2007, Jordan filed a Motion for New Trial and Motion to Stay, renewing the arguments voiced in his previous pleadings in this matter. More specifically, in the Motion for New Trial, Jordan argues that this Court's Judgment contains manifest errors of law because it grants relief to the Receiver on claims that the Receiver allegedly has no standing or authority to assert. Jordan argues that this Court should instead release the property to him.

**II.    LEGAL STANDARD AND ANALYSIS**

    Federal Rule of Civil Procedure 59(a)(2) provides that a new trial may be granted in an action tried without a jury for any of the reasons for which rehearings have been granted in suits in equity in the courts of the United States. There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence. Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978).

    Respondent Jordan argues that the Court made a manifest error of law in allowing the Receiver to assert claims in Petition No. 24 as he had no standing to do so. Specifically, Mr. Jordan contends that the Receiver lacked standing to assert any third-party claims because standing only exists for a receiver to assert claims on behalf of receivership entities. However, as noted by the Receiver in his opposition papers, the Receiver did not petition the Court on behalf of any third party despite the fact that a third party may benefit from the Receiver's actions. Petition 24 was brought before the Court by the Receiver in his role as Receiver for the AALT. As such, the Receiver steps into the shoes of AALT and assumes the rights and obligations thereof. See Sharpe v. FDIC, 126 F.3d 1147, 1152 (9th Cir. 1997)

- 3 -

1  (holding the FDIC as receiver of failed financial institution assumed rights and obligations
2  of the institution).  AALT, and the Receiver by extension, is the trustee of EMHT.  As
3  Trustee for EMHT, the Receiver has standing to assert claims regarding the assets of EMHT,
4  including the 84th Street Property.

5  Next, Mr. Jordan maintains that no substantive right exists for the Receiver to bring
6  a claim against the 84th Street Property or against Mr. Jordan on behalf of any receivership
7  entity.  Mr. Jordan argues that the Receiver was appointed in September of 2003 to deal with
8  International Funding Association ("IFA") funds, but that did not give him any rights or
9  duties as a successor trustee of AALT.  Mr. Jordan states that, in the instant case, the Order
10 Appointing Receiver did not make the Receiver a successor trustee of AALT, trustee of the
11 property owner EMHT, but only authorized certain actions to deal with IFA funds.

12 Clearly, the Receiver has no personal substantive rights in the property, but standing
13 in the shoes of AALT, the trustee of EMHT, the Receiver may assert the substantive rights
14 of the trust with regard to the property.  Central States Pension Fund v. Central Transp., Inc.,
15 472 U.S. 559, 570 (1985) (holding "[u]nder common law of trusts, ... trustees are understood
16 to have all such powers as are necessary or appropriate for the carrying out of purposes of
17 the trust").  As pointed out by the Receiver, pursuant to the EMHT's Trust Agreement, in
18 management of the trust AALT may "invest and re-invest, lease, rent, mortgage, insure,
19 repair, improve or sell any of the real and personal property of the trust as the  Trustee deems
20 advisable."  It is axiomatic that a settlor may, as EMHT did, and very frequently does, grant
21 to its trustee a power of sale of part or all of the trust property.  In addition, a Trustee given
22 an express, full power of sale in a Trust Agreement, such as the one executed between AALT
23 and EMHT,  is not required to get the permission of the Court or the beneficiary to dispose
24 of real property.  See Stevens v. National City Bank, 544 N.E.2d 612, 616 (Ohio 1989).
25 Furthermore, the Trust Agreement gave AALT the power to "initiate or defend, at the
26 discretion of the Trustee, any litigation affecting the trust."  It is undisputed that AALT is the
27 named trustee of EMHT.  It is also undisputed that EMHT holds title to the 84th Street
28 Property at issue in this matter.  The Receiver, lawfully standing in the shoes of the Trustee

1  AALT, petitioned this Court to sell the 84th Street Property and distribute the proceeds
2  accordingly. Moreover, the order appointing the Receiver grants the Receiver the authority
3  to "[c]onduct the business operations of [AALT], and the entities [it] control[s]." .

4  As stated from the bench upon conclusion of the hearing held on January 9, 2007, this
5  Court was asked to analyze the issues between the governmental agencies and Ronald
6  Stephen Holt, and as part of that action, many Defendants were listed solely for purposes of
7  equitable relief. AALT was one such Defendant. The Receiver was then appointed and
8  directed by this Court to seize all assets of those Defendants and determine what, if any, of
9  those assets were derived or had in their holding, funds that came from the IFA. The 84th
10 Street Property was a property listed in the name of AALT. The Receiver was appointed by
11 this Court to seize those assets and reported back that the Court had two options: 1) Order
12 the Receiver to sell this property and pay off its indebtedness and to provide whatever
13 remainders to the beneficiaries as known, or (2) release the Receiver from his obligations to
14 hold this property.

15  The Court noted that if it were to decide to release the Receiver of its obligations,
16 then it would be necessary for the Court to appoint someone to administer the trust.
17 However, based on the testimony and evidence presented to the Court at the January 9, 2007
18 hearing, Mr. Jordan failed to show himself to be a person qualified to undertake those
19 obligations and responsibilities on behalf of the Court. Furthermore, Mr. Jordan has shown
20 the Court no binding authority that would permit this Court to turn the property over to him
21 to manage. As such, the Court ordered the Receiver to dispose of the property, pay off all
22 indebtedness, and distribute the funds to the legitimate beneficiaries as they may exist. The
23 Court finds no reason to vacate or amend its February 6, 2007 Final Judgment. Therefore,

24  IT IS ORDERED that Respondent Barry T. Jordan's Motion for New Trial and/or to
25 Alter or Amend Judgment Regarding Petition No. 24 (Doc. 337) is DENIED.

26
27
28

1  IT IS FURTHER ORDERED that the Respondent Barry T. Jordan's Motion to Stay
2 Regarding Petition No. 24 (Doc. 338) is DENIED as MOOT.
3  DATED this 13th day of August, 2007.

Paul G. Rosenblatt
United States District Judge