1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9  Securities and Exchange Commission,    )
                                          )        No. CV 03-1825-PHX-PGR
10                    Plaintiffs,          )
                                          )
11 v.                                     )
                                          )
12                                        )        **ORDER**
   Ronald Stephen Holt, et al.,           )
13                                        )
                      Defendants.         )
14 _____)

15        On July 19, 2007, the Receiver filed Petition No. 13 – Petition for Order Directing

16 Turnover of Receivership Assets Held by Burton M. Bentley, P.C. (Doc. 347).   Previously,

17 on October 1, 2003, this Court found that real property located at 3719 East Lenora Street,

18 Mesa, Arizona (the "Lenora street Property") was a receivership asset.  Title to the property

19 was transferred to Defendant Holt's mother, Rose Holt, who placed a reverse mortgage on

20 the property resulting in a $356,098.50 deposit in her account.  Upon discovery of the

21 mortgage loan on the Lenora Street Property and the resulting deposit, this Court amended

22 its Order Appointing Receiver to specifically identify the loan proceeds as receivership

23 assets.  The Court specifically found that portions of the loan proceeds were transferred at

24 the request of Defendant Holt to pay Rose Holt's attorneys.  The Receiver traced $10,000 in

25 receivership assets deriving from loan proceeds to the respondent law firm of Burton M.

26 Bentley, PC as follows: (a) $5,000 on October 2, 2003; and (b) $5,000 on October 2, 2003.

27

28

On May 2, 2006, the Receiver made a demand for the Respondent to turnover the assets transferred to it, but to date, the Respondent has failed to do so. As such, the Receiver asks that the Court order the Respondent to do so within five days of entry of its order granting the relief requested in Petition No. 13. On August 3, 2007, the Respondent filed a response in opposition of Petition 13. The Respondent offers several arguments for why he should not be ordered to submit said funds.

First, the Respondent relies upon Arizona's Uniform Fraudulent Transfer Act ("UFTA"), A.R.S. § 44-1009, which he contends offers definitive protection for one who accepts property in good faith and for a reasonably equivalent value against a creditor that seeks to void that transfer as fraudulent. Furthermore, Respondent maintains that this Court's July 16, 2004 Order leaves open the question of whether payment of $10,000 to the Respondent was fraudulent. Until this time, Bentley maintains that the Receiver nor the SEC has ever filed any petition to have Bentley named as either a party defendant or relief defendant.

The Receiver's law firm, Guttilla & Murphy's first demand for the $10,000 was sent on October 6, 2003. In another written communication from the firm, Guttilla & Murphy admit that the two checks from Rose Holt fall under the Arizona Uniform Fraudulent Transfer Act and were amenable to the defenses thereunder. On September 24, 2004, the Respondent submitted a letter to Guttilla & Murphy containing a full and complete explanation of the transaction concerning the $10,000. Respondent contends that he also offered to negotiate the $10,000 claim, but no reply was ever sent from the Receiver.

The Court does not find the Respondent's arguments persuasive and concludes that Bentley did not in good faith exchange reasonably equivalent legal services for the $10,000 in Receivership assets wrongfully transferred to him. First, the Respondent learned of the tainted origin of the funds mere days after their receipt as the Receiver demanded their return. The invoices submitted by the Respondent to show that he used the funds to pay himself for legal services show that prior to receiving notice of the problems with the $10,000 he provided, at most, $4,125 in services to Ronald Holt. As such, the Respondent

actually provided the legal services he seeks to pay for with the funds <u>after</u> he was put on notice that the funds constituted Receivership Assets.  For this reason alone, the Court concludes that the Respondent cannot be said to have  provided such services in exchange for the funds in good faith.

In addition, the Respondent raises the defense of laches.  Pursuant to the doctrine of laches, "[a] claim is considered unenforceable in an action in equity where, under the totality of the circumstances, the claim, by reason of delay in prosecution, would produce an unjust result."  *Harris v. Purcell*, 973 P.2d 1166, 1167 n.2 (Ariz. 1998).  The Respondent argues that "[l]aches exists when a Receiver waits almost four years before enforcing a claim that would have been clearly outlawed by the four year Statute of Limitations incorporated into the Arizona Uniform Fraudulent Transfer Act."  However, the Court finds this defense without merit.  As noted by the Receiver, the Respondent is not unjustly prejudiced by the timing of the filing of Petition No. 13 because he was clearly on notice of the Receiver's claims well before the Respondent provided any underlying services.  Furthermore, as will be shown below, the Receiver filed Petition No. 13 within the time frame provided by the applicable statute of limitations.

Next, the Respondent argues that the Receiver's claims are barred by the UFTA's four-year statute of repose.  Under the UFTA, a claim for recovery of a transfer made with actual fraudulent intent must be filed "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the fraudulent nature of the transfer or obligation was, or through the exercise of reasonable diligence could have been, discovered by the claimant."  A.R.S. § 44-1004(A)(1); *see also In re Southwest Supermarkets LLC,* 315 B.R. 565, 570, 577 (Bankr. D. Ariz. 2004) ("Arizona's fraudulent transfer statute, like the uniform act, expressly provides a discovery rule for actual fraudulent conveyance claims, requiring that if they are brought later than four years after the transaction, they must be brought within one year of when the creditor knew or, with reasonable diligence, should have known of the existence of the cause of action.") The Respondent admits to receiving the funds at issue on October 3, 2003; and the Receiver filed Petition No, 13 on July 19,

2007, less than four years after the transfers in question.  Therefore, as correctly argued by the Receiver, the claims raised in Petition No. 13 are not barred by the UFTA's limitations periods.

For the reasons discussed above,

The Receiver's Petition No. 13, Petition for Order Directing Turnover of Receivership Assets Held by Burton M. Bentley, P.C. (Doc. 347) having been filed with the Court and all parties entitled to notice having been notified by service of Petition No. 13 in accordance with this Court's Order Re: Petition No. 2, and it appearing to the Court that the relief requested is reasonable and appropriate:

IT IS ORDERED that Respondent Burton M. Bentley, P.C. turnover all Receivership Assets in its possession, including but not limited to $10,000.00 plus interest to the Receiver within ten business days of the entry of the order.

DATED this 18th day of September, 2007.

Paul G. Rosenblatt
United States District Judge